# CIRCUIT COURT OF LANCASTER COUNTY

Colbert

v.

Windmill Point Resort
and Yacht Harbor, Inc.

November 27, 1996

BY JUDGE JOSEPH E. SPRUILL, JR.

The motion for judgment in this case, alleging injuries sustained by the plaintiff on July 24, 1994, was filed on July 25, 1996. Defendant filed a special plea of the statute of limitations. Both parties agree that the limitations period expired July 24, 1996. Plaintiff contends, however, that a facsimile of the motion for judgment, accompanied by the filing fee, tendered to the clerk on July 24, 1996, tolled the statute. The clerk refused to accept the facsimile because it was not signed as required by Rule 1:4 and Virginia Code § 8.01-271.1.

The question is whether the tendering to the clerk of a facsimile copy of the motion for judgment on July 24, 1996, was a proper filing so as to toll the statute. I have found no authority in either the statutes, rules, or case law which permits filing a law action by facsimile. There are instances in which facsimile filing is permitted. For example, the Workers' Compensation Act, § 65.2-101, expressly permits facsimile filing. Certain federal courts, by local rule, apparently allow the practice. But in the absence of some specific authority permitting filing by facsimile, we must conclude that the attempt to file a facsimile copy of the motion for judgment on July 24 was ineffective. The filing on the next day came after the limitation period had expired.

The plaintiff argues that Rule 1:9 gives the court discretion to extend the time allowed for filing pleadings. Indeed, we routinely grant extensions pursuant to this rule. But this rule cannot be construed so broadly as to give a

circuit court the discretion to extend a period of limitations which has been established by the legislature.

Accordingly, the plea of the statute of limitations will be sustained.